# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER MCDONALD,<br><br>Defendant. | Case No. 1:19-cv-01276-BAM (PC)<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Larry William Cortinas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The matter was transferred to this Court on September 13, 2019. (ECF No. 5.) Plaintiff filed his complaint, which includes a request for appointment of counsel, on September 7, 2019. (ECF No. 1.)

**I.    Request for Appointment of Counsel**

As indicated, Plaintiff requests the appointment of counsel in this action. Although not entirely clear, it appears that Plaintiff seeks such an appointment because he is physically and mentally disabled. (ECF No. 1 at 6.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. Although Plaintiff claims that he is physically and mentally disabled, he does not provide any information to support this claim or to demonstrate that his physical or mental issues prevent him from effectively litigating his case. Furthermore, nothing in Plaintiff's complaint suggests that he is incapable of articulating a factual basis for his Eighth Amendment excessive force claim. As discussed below, based on the Court's initial screening, Plaintiff has pled sufficient factual content to state a plausible Eighth Amendment claim for relief. For these reasons, Plaintiff's motion to appoint counsel is HEREBY DENIED without prejudice.

**II.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### A. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran in Corcoran, California. Plaintiff asserts claims for violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and the Eighth Amendment to the United States Constitution. Plaintiff names Defendant McDonald as the sole defendant and alleges as follows:

> MARCH 17, 2018 I was inside California state prison Corcoran hospital. I suffered a black out from my heart condiction. Correctional Officer Mc Donald was allow with me in the hospital room. He was asking me Questions which I would not answer. So he [Mc Donald] grabed my handcuffed to the hospital bed right hand. Mc Donald SQUEEZED my hand until the bones broke. I had surgery upon the hand to set the bones with pins. Mc Donald used this force to punish me for not responding to his questions. NO INCIDENT REPORT was filed No rule violation occured., A use of force video was made. The medical records have my statement that Mc Donald broke my hand intentionally. Mc Donald did not deny breaking my hand. This punishment for not answering Mc Donalds Questions inflicted a lot of pain upon me.

(ECF No. 1 at 4-5) (unedited text). As relief, Plaintiff seeks monetary damages.

### B. Discussion

#### 1. Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from

3

inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant McDonald.

### 2. Americans with Disabilities Act ("ADA")/Rehabilitation Act ("RA")

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208–13 (1998); Simmons v. Navajo Cty, 609 F.3d 1011, 1021–22 (9th Cir. 2010); Pierce v. Cty. of Orange, 526 F.3d 1190, 1214–15 (9th Cir. 2008).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. Cty. of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

Plaintiff's complaint does not set forth any facts supporting a claim that he is an individual with a disability or that he was excluded from participation in or discriminated against with regard any prison services, programs, or activities because of a disability. Plaintiff's claims arise out of an alleged use of excessive force, and such allegations do not provide a basis upon which to impose liability under the ADA or RA.

### III. Conclusion and Order

The Court finds that Plaintiff's complaint states a cognizable claim against Defendant McDonald for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The Court will then recommend that the remaining claims be dismissed from this action, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File a first amended complaint curing the deficiencies identified by the Court in this order; or

    b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his cognizable claim for excessive force in violation of the Eighth Amendment against Defendant McDonald; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated: **December 3, 2019**  /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE