# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>McDONALD,<br><br>　　　　　Defendant. | Case No. 1:19-cv-01276-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 9, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Larry William Cortinas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 4, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant McDonald for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (ECF No. 9.) On December 16, 2019, Plaintiff notified the Court of his willingness to proceed on the cognizable claim against Defendant McDonald identified by the Court. (ECF No. 10.)

1

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.    Allegations in Complaint**

Plaintiff is currently housed at California State Prison, Sacramento. The events in the complaint are alleged to have occurred while Plaintiff was housed at Corcoran State Prison, Corcoran in Corcoran, California. Plaintiff asserts claims for violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Eighth Amendment of the United States Constitution. Plaintiff names Defendant McDonald as the sole defendant and alleges as follows:

> MARCH 17, 2018 I was inside california state prison Corcoran hospital. I suffered a black out from my heart condiction. Correctional Officer Mc Donald was allow with me in the hospital room. He was asking me Questions which I would not answer. So he [Mc Donald] grabed my handcuffed to the hospital bed

2

right hand. Mc Donald SQUEEZED my hand until the bones broke. I had surgery upon the hand to set the bones with pins. Mc Donald used this force to punish me for not responding to his questions. NO INCIDENT REPORT was filed No rule violation occured., A use of force video was made. The medical records have my statement that Mc Donald broke my hand intentionally. Mc Donald did not deny breaking my hand. This punishment for not answering Mc Donalds Questions inflicted alot of pain upon me.

(ECF No. 1 at 4–5) (unedited text). As relief, Plaintiff seeks monetary damages.

## IV. Discussion

### A. Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant McDonald.

### B. Americans with Disabilities Act ("ADA")/Rehabilitation Act ("RA")

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by

3

jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208–13 (1998); Simmons v. Navajo Cty., 609 F.3d 1011, 1021–22 (9th Cir. 2010); Pierce v. Cty. of Orange, 526 F.3d 1190, 1214–15 (9th Cir. 2008).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. Cty. of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

Plaintiff's complaint does not set forth any facts supporting a claim that he is an individual with a disability or that he was excluded from participation in or discriminated against with regard any prison services, programs, or activities because of a disability. Plaintiff's claims arise out of an alleged use of excessive force, and such allegations do not provide a basis upon which to impose liability under the ADA or RA.

## V. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant McDonald, but fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 7, 2019, (ECF No. 1), against Defendant McDonald for excessive force in violation of the Eighth Amendment; and

4

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 19, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE