XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Acting Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7368
 Fax:  (916) 324-5205
 E-mail:  Brian.Chan@doj.ca.gov
*Attorneys for Defendant MacDonald*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **LARRY WILLIAM CORTINAS,**<br><br>                                    Plaintiff,<br><br>     v.<br><br>**MCDONALD,**<br><br>                                    Defendant. | Case No. 1:19-cv-01276 LJO BAM<br><br>**DEFENDANT'S ANSWER AND DEMAND FOR JURY TRIAL** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant MacDonald answers Plaintiff Larry Cortinas's Complaint (ECF No. 1) as follows:

**I.    PREVIOUS LAWSUITS**

1.    In response to the allegations in Section I, subsection A, Defendant admits the allegation.

2.    In response to the allegations in Section I, subsection B on page 1, and the allegations in Section C on page 2, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations, and therefore denies the allegations on that basis.

**II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3.  In response to the allegations in Section II, subsection A, Defendant admits the allegations.

4.  In response to the allegations in Section II, subsection B, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations, and therefore denies the allegations on that basis.

5.  In response to the allegations in Section II, subsection B, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations, and therefore denies the allegations on that basis.

**III.  DEFENDANTS**

6.  In response to the allegations in Section III, Defendant admits he is a party in this action, and admits he is currently employed as a correctional officer, but denies he is currently employed at California State Prison, Corcoran.

**IV.  CAUSES OF ACTION**

7.  In response to the allegations in Section IV, "Claim 1," Defendant denies the allegations.

8.  In response to the allegations in Section IV, "Supporting Facts," Defendant denies grabbing Plaintiff's right hand.  Defendant denies squeezing Plaintiff's hand until it broke.  Defendant denies using any force to punish Plaintiff for not answering questions.  Defendant admits no incident report was filed regarding the events alleged in the complaint.  Defendant admits Plaintiff did not receive a rules violation report regarding the events alleged in the complaint.  Defendant admits Plaintiff was interviewed for a "use of force video."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations at this time, and therefore denies them on that basis.

**V.  RELIEF**

9.  In response to the allegations in Section V, Defendant denies Plaintiff is entitled to the relief requested or to relief of any kind.

///

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses, Defendant alleges the following:

<u>First Affirmative Defense</u>

During the events at issue in this case, Defendant acted within the scope of reasonable discretion in good-faith fulfillment of his responsibilities under all applicable statutes, rules, regulations, and practices, and with good-faith belief that his actions comported with all applicable federal and state laws. Defendant therefore asserts qualified immunity from liability.

<u>Second Affirmative Defense</u>

Plaintiff was careless, reckless, and negligent in and about the matters and things alleged in the Complaint, and proximately caused and contributed to whatever injury or damage he may have sustained, if any, and his recovery should be proportionately reduced according to the percentage of his fault.

<u>Third Affirmative Defense</u>

Plaintiff failed to submit a timely grievance in accordance with applicable regulations, and he never pursued any grievance to the final level of review related to his claims in this case. Plaintiff's claims are therefore barred by the Prison Litigation Reform Act based on his failure to exhaust available administrative remedies within the prison system prior to bringing suit.

<u>Fourth Affirmative Defense</u>

Defendant did not act with malicious intent or with reckless disregard and therefore is not liable for punitive damages.

<u>Fifth Affirmative Defense</u>

Defendant asserts that the Prison Litigation Reform Act bars recovery for mental and emotional damages without a prior showing of physical injury.

<u>Sixth Affirmative Defense</u>

The Eleventh Amendment bars suit for money damages against Defendants in his official capacity.

///

///

Because the Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendant reserves the right to assert additional affirmative defenses to the extent they are applicable.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Defendant demands a trial before a jury.

## PRAYER FOR RELIEF

Defendant prays for judgment as follows:

1. That judgment be awarded in favor of Defendant;
2. That Plaintiff take nothing by this action;
3. That Defendant be awarded costs of suit and attorney's fees; and
4. That Defendant be awarded such other relief as this Court deems proper.

Dated: May 20, 2020                                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ALICIA A. BOWER
Acting Supervising Deputy Attorney General


*/s/ Brian S. Chan*

BRIAN S. CHAN
Deputy Attorney General
*Attorneys for Defendant MacDonald*

SA2020100798
34076269.docx